UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

UNITED ROBOTICS, INC.,

Debtor.
_____/

Case No. 09-50376
Chapter 11
Hon. Marci B. McIvor

# OPINION DENYING DOBBS & NEIDLE'S MOTION FOR RECONSIDERATION OF ORDER DATED JUNE 16, 2009

Prior to filing for bankruptcy, Debtor, United Robotic, Inc., incurred a debt to Dobbs & Neidle, PC, for legal services. Subsequent to United Robotics filing for bankruptcy and in response to Dobbs & Neidle's attempts to collect its debt, United Robotics ("the Debtor") filed a Motion for Order Enforcing the Automatic Stay. This Court entered an Order granting the Debtor's Motion. The Court denied the Debtor's request for sanctions against Dobbs & Neidle. Dobbs & Neidle then filed this Motion for Reconsideration of the Court's Order. For the reasons set forth in this Opinion, this Court DENIES Dobbs & Neidle's Motion for Reconsideration.

## Factual Background

On September 5, 2008, Dobbs & Neidle brought suit against United Robotics and its owners, Mark Metcalf and Steven Lukasik, for their failure to pay for legal services performed by Dobbs & Neidle. On October 7, 2008, United Robotics and its owners entered into a Settlement and Release Agreement with Dobbs & Neidle to pay the sum of $87,575.58 in settlement of the lawsuit.

Under the Settlement and Release Agreement, after an initial payment of

$5,000.00, the balance of the amount owing was to be paid in monthly installments of $10,287.34. Paragraph 3 of the Settlement and Release Agreement states, in part:

> 3. Consideration. In consideration of the execution of this Agreement and dismissal of the Lawsuit with prejudice, the Parties agree that:
>
>> URI . . . shall pay the sum of EIGHTY SEVEN THOUSAND FIVE HUNDRED SEVENTY FIVE AND 58/100 ($87,575.58) plus accrued interest from the date of this agreement to Dobbs & Neidle, P.C., as follows:
>
>> \* \* \*
>
>> Beginning on January 1, 2009, . . . URI agree [sic] to pay Dobbs & Neidle, PC the sum of $5,143.67 and on the first and fifteenth day of each of the following months ($10,287.34 monthly total), **until such time as the remaining balance plus accrued interest is paid in full** (the "Monthly Payment").
>
>> URI (United Robotics, Inc.), ... assign all right, title, and interest to Dobb's & Neidle, PC and/or Gregory R. Neidle **with regard to the payments associated with the Equipment Lease** attached hereto as Exhibit B – (Two Fanuc Rail P-155 Robots w/ Controllers.) URI, ... agree to take all steps necessary to effectuate the assignment.
>
>> \* \* \*
>
>> If URI, . . . fail to make any of the Monthly Payments, as required by this Agreement for whatever reason, URI . . . shall be in default. . . (emphasis added).

In summary, the Settlement and Release Agreement: (1) indicates that PPG Industries, Inc.'s monthly obligation to United Robotics was $10,287.34, that being the exact amount of United Robotics monthly obligation to Dobbs & Neidle under the Settlement and Release Agreement; (2) states that "URI (United Robotics, Inc.), ... assign all right, title, and interest to Dobb's & Neidle, PC and/or Gregory R. Neidle with

2

regard to the payments associated with the Equipment Lease"; (3) states that URI agreed to pay Dobbs & Neidle an amount equal to PPG's monthly obligation to URI until Dobbs & Neidle is paid in full; and (4) provides for the lease payments to flow through the Debtor until the Debtor paid its debt in full.

On January 13, 2009 and on February 14, 2009, United Robotics made two payments of $10,287.34 to Dobbs & Neidle. On March 19, 2009, Dobbs & Neidle declared a breach under the Release and Settlement Agreement and entered a Consent Judgment against the Debtor in the Macomb Circuit Court in the amount of $70,206.29. After declaring the breach of the Release and Settlement Agreement, and entering the Judgment, Dobbs & Neidle served a Periodic Garnishment on PPG demanding that the lease payments PPG owed to United Robotics ("the PPG Lease Payments") be paid to Dobbs & Neidle.

On April 3, 2009, United Robotics filed a voluntary petition under Chapter 11. Dobbs & Neidle received notice of the Debtor's bankruptcy filing at some point prior to April 7, 2009. On May 5, 2009, Dobbs & Neidle sent a letter to PPG demanding that PPG pay the PPG Lease Payments to Dobbs & Neidle. On May 13, 2009, the Debtor filed a Motion for Ordering Enforcing the Automatic Stay and Imposing Sanctions Against Dobbs & Neidle, PC for its Willful Violations of the Automatic Stay.

Dobbs & Neidle responded that there was no violation of the stay with respect to the payments sought from PPG because the Settlement and Release Agreement was an entire assignment of the lease *and* the lease payments, which took place 168 days prior to the filing of the petition.

On June 2, 2009, the Court held a hearing on the Debtor's Motion for Order

3

Enforcing the Automatic Stay. At that hearing, the Court found that Dobbs & Neidle violated the automatic stay as set forth in 11 U.S.C. § 362. Implicit in the Court's finding that Dobbs & Neidle violated the automatic stay is the finding that the PPG Lease and the post-petition PPG Lease Payments were property of the estate pursuant to 11 U.S.C. § 541.

Dobbs & Neidle argue in their Motion for Reconsideration that the Settlement and Release Agreement assigned Debtor's entire interest in the Lease and the payments associated with the Lease, to Dobbs & Neidle. Therefore, when the Debtor filed for bankruptcy several months after the Settlement and Release Agreement was signed, neither the Lease nor the payments associated with the Lease, were property of the Debtor's estate. Dobbs & Neidle further argue that, if the Lease is not property of the estate, Dobbs & Neidle's attempts to collect the Lease payments directly from PPG are not a violation of the automatic stay.

## ANALYSIS

Motions for Reconsideration are governed by LBR 9024-1. Rule 9024-1(a)(3) states:

> (3) **Grounds.** Generally, and without restricting the discretion of the court, a motion for reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication, will not be granted. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

The Court finds that Dobbs & Neidle have failed to demonstrate any palpable defect by which the Court and the parties have been misled. The property that Dobbs &

4

Neidle are attempting to collect (the PPG Lease Payments) is clearly property of the estate.

Section 541 of the Bankruptcy Code defines property of the estate, stating, in relevant part:

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>
> (1) Except as provided in subsection (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.
> . . .
>
> (6) Proceeds, product, offspring, rents, or profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case.

11 U.S.C. § 541. "Property of the estate" should be interpreted in the broadest possible manner, defining the scope of estate property to be all legal or equitable interests of the debtor in property as of the commencement of the case, wherever located and by whomever held. 5 *Collier's on Bankruptcy*, ¶ 541.01 at 541-8.2 (Alan N. Resnick, et. al., eds., 15th ed. 2008).

Dobbs & Neidle erroneously believe that the Debtor assigned both the Lease and the stream of payments associated with the Lease to Dobbs & Neidle. Dobbs & Neidle argue that the assignment of the lease payments (until Dobbs & Neidle were paid in full) was akin to assigning an account receiveable.[1] A lease and the payments flowing from

---

[1] The cases cited by Dobbs & Neidle in its Motion for Reconsideration are not relevant to this proceeding because those cases presuppose that an absolute assignment has occurred. See, e.g., *Prime Financial Services v. Vinton*, 761 N.W.2d 694 (Mich. Ct. App. 2008); *State Treasurer v. Abbott*, 660 N.W.2d 714 (Mich. 2003); *Burkhardt v. Bailey*, 680 N.W.2d 453 (Mich. Ct. App. 2004); *United States v. General*

a lease are not an account receivable. Even if the Debtor had assigned all the remaining PPG Lease Payments (rather than only assigning the Lease Payments until Dobbs & Neidle were paid in full), the Debtor still retained the Lease. A lease has value separate from the value of the payments: it is the lease which gives the lessor the right to a retain its collateral, or the option to sell the collateral at the end of the lease term. While it is certainly possible for a lessor to assign both the lease and the lease payments to a third party, the Settlement and Release Agreement makes it clear that no such assignment took place in this case.

The Court's ruling that the Debtor did not assign all its rights in both the PPG Lease and the PPG Lease Payments is supported by the following provisions in the Settlement and Release Agreement:

(1) The Settlement and Release Agreement states that the Debtor agreed to pay Dobbs & Neidle an amount equal to PPG's monthly obligation to the Debtor until Dobbs & Neidle are paid in full, even though the amount PPG owed to the Debtor exceeded what the Debtor owed to Dobbs & Neidle.

(2) The Settlement and Release Agreement provided for the PPG Lease Payments to flow through Debtor until Debtor's obligation to Dobbs & Neidle was paid in full;

(3) The total value of the PPG Lease Payments is approximately $25,585.16

---

Motors Corp., 929 F.2d 249 (6th Cir. 1991).

more than the amount of the Dobbs & Neidle claim and would provide Dobbs & Neidle with a substantial overpayment. The Settlement and Release Agreement clearly capped the amount to be received by Dobbs & Neidle at the amount the Debtor owed Dobbs & Neidle;

(4) After the parties entered into the Settlement and Release Agreement, the Debtor maintained control over the PPG Lease Payments, and collected two PPG Lease Payments directly from PPG. Dobbs & Neidle did not take any action to assert an ownership interest in those two PPG Lease Payments.

(5) After the Debtor defaulted on its payment obligations under the Settlement and Release Agreement, Dobbs & Neidle did not assert an ownership interest in the PPG Lease Payments. Instead, Dobbs & Neidle sent a Periodic Garnishment to PPG demanding that the PPG Lease Payments owed to Debtor be paid directly to Dobbs & Neidle. If Dobbs & Neidle were the owner of the PPG Lease Payments, service of the Periodic Garnishment would have been unnecessary.

(6) In the event of a default, the Settlement and Release Agreement clearly provides that Dobbs & Neidle's recourse is against the Debtor, and not PPG. If PPG stopped making lease payments to the Debtor, and the Debtor, in turn, stopped making payments to Dobbs & Neidle, Dobbs &

7

Neidle still had the right to collect their judgment from the Debtor. Had the Debtor assigned its entire interest in the Lease, Dobbs & Neidle's only recourse would have been against PPG.

The Settlement and Release Agreement assigned a stream of payments, capped by the amount owed by the Debtor to Dobbs & Neidle. The Debtor retained the residual Lease Payments as well as the residual value of the Lease itself. Since the Debtor held a property interest in the Lease on the date the Debtor filed for bankruptcy, the Lease and the Lease Payments associated with the Lease are property of the estate.

## CONCLUSION

On June 2, 2009, the Court ruled that Dobbs & Neidle had violated the automatic stay provision of 11 U.S.C. § 362 in attempting to collect its unsecured judgment. Dobbs & Neidle violated the stay by attempting to collect its pre-petition claim from property of the bankruptcy estate. Dobbs & Neidle have demonstrated no palpable defect by which the Court or the parties were misled. Therefore, Dobbs & Neidle's Motion for Reconsideration is DENIED.

Furthermore, on June 2, 2009, the Court ruled that Dobbs & Neidle's violation of the stay was not willful. Any further attempt by Dobbs & Neidle to collect from the Debtor is a willful violation of the stay and may subject Dobbs & Neidle to sanctions.

Finally, on June 16, 2009, the Court ordered Dobbs & Neidle to send the Debtor all amounts received on or after April 3, 2009 "within 7 days of this Order." Dobbs & Neidle shall immediately pay the amounts referenced in the Court's June 16, 2009 order to the Debtor. Any failure to do so will subject Dobbs & Neidle to sanctions.

8

Signed on June 30, 2009

          /s/ Marci B. McIvor
      Marci B. McIvor
      United States Bankruptcy Judge

9